UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

RECEIPT #
AMOUNT $ ___ N /A
SUMMONS ISSUED ___ N /A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___ M D
DATE ___ 5 / 18 / 05

KENNETH BROOKS,
        Plaintiff,

v.

MICHAEL FOLINO, D.O., AND
MARY JANE ESTRADA, N.P.,
        Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No.

Formerly Suffolk Superior
Court Civil Action No.
05-CV-0783-D

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1441 and 1442, and 42 U.S.C. §233, the United States of

America, by its attorney, Michael J. Sullivan, United States Attorney for the District of

Massachusetts, hereby gives notice of its removal of this lawsuit to the United States District

Court for the District of Massachusetts. As grounds for removal, defendant states as follows:

1.      The plaintiff, Kenneth Brooks, filed this action in the Suffolk Superior Court

Department of the Trial Court of Massachusetts against Michael Folino on or about March 17,

2005, Civil Action No. 05-CV-0783-D. The complaint alleges various tort claims against

Michael Folino arising from medical treatment provided to the Plaintiff.

2.      It is unclear on what date, on or after March 17, 2005, that the Complaint was

served upon Dr. Folino.   On or about April 26, 2005, it was received by the Office of the United

States Attorney from the Department of Health and Human Services.

3.      This action is removable to the United States District Court for the District of

Massachusetts, pursuant to 28 U.S.C. §§ 1442 and 42 U.S.C. §233 as Michael Folino was at all

times relevant to the Complaint an employee of Harbor Health Services, Inc.  Harbor Health

Services, Inc. has been deemed eligible for coverage under the Federal Tort Claims Act pursuant

-1-

to 42 U.S.C. §233, the Federally Supported Health Centers Assistance Act of 1992, since February 25, 1994.    The Geiger Gibson Community Health Center is a deemed delivery site of Harbor Healthcare, Inc.

4.    Under Federally Supported Health Centers Assistance Act of 1992, the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service while acting in the scope of his office or employment" shall be pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. See 42 U.S.C. § 233(a).

5.    The removal of this action is timely under the provisions of 28 U.S.C. §1446(b) as, to date, service of the Complaint has not been perfected on the United States pursuant to Fed.R.Civ.P. 4(i). See Murphy Borthers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 244 (1999)(formal service required to trigger 30 day period under 28 U.S.C. §1446(b)). The action is further timely as 42 U.S.C. §233 provides that an action against an employee of the Department of Health and Human Services may be removed "at any time before trial. . ." 42 U.S.C. §233(c).

6.    The filing of this notice is not a waiver of any rights or defenses that may be available to the defendant.

-2-

7.   Copies of all pleadings received by the United States are attached hereto.

By their attorneys,

MICHAEL J. SULLIVAN
United States Attorney

MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136

## Certificate of Service

IT IS HEREBY CERTIFIED that on this 7 day of May 2005 service of the foregoing Notice of Removal to United States District Court for the District of Massachusetts has been made upon the following by depositing a copy in the United States mail, postage prepaid to:

Andrew Meyer, Jr.
Lubin & Meyer, P.C.
100 City Hall Plaza
Boston, MA 02108

Mark J. Grady
Assistant United States Attorney

-3-

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION 2005-00783

No._____

Kenneth Brooks _____ , Plaintiff(s)

v.

Michael Folino, D.O. and Mary Jane Estrada, Defendant(s)

## SUMMONS

To the above-named Defendant:  Michael Folino, D.O.

You are hereby summoned and required to serve upon __Andrew C. Meyer, Jr., Esquire__
__Lubin & Meyer, P.C.__

plaintiff's attorney, whose address is __100 City Hall Plaza, Boston, MA 02108__ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __17th__ _____ day of
__March__ _____, in the year of our Lord two thousand __five__ .

*Michael Joseph Donovan*

Clerk/Magistrate



NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

### COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 05-0783 D

KENNETH BROOKS,

          Plaintiff,

V.

MICHAEL FOLINO, D.O., AND
MARY JANE ESTRADA, N.P.,

          Defendants.

## COMPLAINT

### Count I.

1. The plaintiff, Kenneth Brooks, is a resident of South Boston, Suffolk County, Massachusetts.

2. The defendant, Michael Folino, D.O., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. At all times relevant to this complaint, the defendant, Michael Folino, D.O., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 11/7/03.

4. On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, Michael Folino, D.O., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

5. The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Michael Folino, D.O., including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 11/7/03;

b. Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 11/7/03, and his failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Michael Folino, D.O., the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count II.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, the defendant, Michael Folino, D.O., contracted with the plaintiff to provide professional services related to the plaintiff's medical care and treatment.

3. The defendant, Michael Folino, D.O., expressly and impliedly warranted to the plaintiff that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 11/7/03, the defendant, Michael Folino, D.O., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and

2

exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

5. As a direct and proximate result of the defendant, Michael Folino, D.O.'s breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count III.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I and Paragraphs One through Four of Count II of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3. On or about 11/7/03, the defendant, Michael Folino, D.O., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4. On or about 11/7/03, the defendant, Michael Folino, D.O., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5. If the defendant, Michael Folino, D.O., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Michael Folino, D.O.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be

3

hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Michael Folino, D.O.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count V.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Michael Folino, D.O.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VI.

1. The plaintiff, Kenneth Brooks, is a resident of South Boston, Suffolk County, Massachusetts.

2. The defendant, Mary Jane Estrada, N.P., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. At all times relevant to this complaint, the defendant, Mary Jane Estrada, N.P., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that she was

knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 11/7/03.

4. On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, Mary Jane Estrada, N.P., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

5. The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Mary Jane Estrada, N.P., including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 11/7/03;

    b. Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 11/7/03, and her failure to prescribe proper and timely treatment for said condition;

    c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff with acceptable nursing services;

    d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

    e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Mary Jane Estrada, N.P., the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VII.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., contracted with the plaintiff to provide professional services related to the plaintiff's nursing care and treatment.

3. The defendant, Mary Jane Estrada, N.P., expressly and impliedly warranted to the plaintiff that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

5. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VIII.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI and Paragraphs One through Four of Count VII of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5. If the defendant, Mary Jane Estrada, N.P., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IX.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI, Paragraphs One through Four of Count VII and Paragraphs One through Six of Count VIII of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count X.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI, Paragraphs One through Four of Count VII and Paragraphs One through Six of Count VIII of this complaint as if each were set forth here in its entirety.

7

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By his attorney,

ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 344300

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  Kenneth Brooks v. Michael Folino, D.O. and Mary Jane
Estrada, N.P.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,         *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

X      III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 66
             690, 810, 861-865, 870, 871, 875, 900.                    05 1 1 0 3 5 RWZ

___    V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                                    YES  ☐        X NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                    YES  ☐        X NO
IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                    YES  ☐        NO  ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?

                                                    YES  ☐        X NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                    YES             X NO

       A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

             EASTERN DIVISION         CENTRAL DIVISION              WESTERN DIVISION

       B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
             GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

             EASTERN DIVISION         CENTRAL DIVISION  ☐           WESTERN DIVISION  ☐
(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ____ Mark Grady _____

ADDRESS __U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02110 _____

TELEPHONE NO. __(617) 748-3136 _____

(CategoryForm.wpd  - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KENNETH BROOKS

## DEFENDANTS
MICHAEL FOLINO, D.L. AND MARY JANE ESTRADA, N.P.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney'S (Firm Name, Address, and Telephone Number)
Andrew C. Meyer, Jr.
J. Ubin & Meyer, P.C.
100 City Hall Plaza, Boston, MA 02108
(617) 720-4447

Attorney (If Known)
Mark J.
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

**05 11038 RWZ**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** ☒ 362 Personal Injury – Med. Malpractice | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 365 Personal Injury – Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 442 Employment | **Habeas Corpus:** | | | |
| ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § § 1442 and 42 U.S.C. § 233

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.