UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH BROOKS, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 05-11038-RWZ |
| | ) | |
| MICHAEL FOLINO, D.O., AND | ) | |
| MARY JANE ESTRADA, N.P., | ) | Formerly Suffolk Superior |
| Defendants. | ) | Court Civil Action No. |
| | ) | 05-CV-0783-D |

## NOTICE OF SUBSTITUTION

Please take notice that pursuant to 28 U.S.C. § 2679(d)(1), the United States is hereby
substituted for the defendant, Michael Folino, with respect to any and all causes of action arising
under the Federal Tort Claims Act.   The grounds for this substitution are:

1.      The plaintiff has brought an action against Michael Folino alleging various torts
arising from the provision of medical care at the Geiger Gibson Community Health Center in
November 2003.

2.      Michael Folino is an employee is an employee of Harbor Health Services, Inc.

3.      Harbor Health Services, Inc. has been deemed eligible for coverage under the
Federal Tort Claims Act pursuant to 42 U.S.C. §233,  the Federally Supported Health Centers
Assistance Act of 1992, since February 25, 1994.

4.      The Geiger Gibson Community Health Center is a deemed delivery site of Harbor
Healthcare, Inc.

5.      Under Federally Supported Health Centers Assistance Act of 1992, the exclusive
remedy "for damage for personal injury, including death, resulting from the performance of
medical, surgical, dental, or related functions ... by any commissioned officer or employee of the
Public Health Service while acting in the scope of his office or employment" shall be pursuant to
the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*. See 42 U.S.C. § 233(a).

6.      Pursuant to 28 U.S.C. §§ 2679(d)(1) and (2), and 28 C.F.R. § 15.3 the United

States Attorney for the District of Massachusetts has certified that at the time of the conduct

alleged, Michael Folino was acting within the scope of his employment with Harbor Health

Services, Inc.

      7.     Upon certification that a federal employee was acting within the scope of his

office or employment at the time of the incident out of which a claim arises, any civil action

under the Federal Tort Claims Act based on the incident shall be deemed an action against the

United States, and the United States shall be substituted as the sole defendant with respect to the

state law claims.  28 U.S.C. § 2679(d)(1) and (2).

      A draft Order amending the caption of this case to reflect the substitution of the United

States as to all claims pursued under the Federal Tort Claims Act is attached hereto for the

convenience of this Court.

                         Respectfully submitted
                         By its attorney,

                         MICHAEL J. SULLIVAN
                         United States Attorney

         By:    /s/ Mark J. Grady
                Mark J. Grady
                Assistant U.S. Attorney
                1 Courthouse Way, Suite 9200
                Boston, MA  02210
                (617) 748-3136

Dated: June 10, 2005

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

KENNETH BROOKS,                              )
        Plaintiff,                          )
                          )                    Civil Action No.
v.                                           )                    05-11038-RWZ
                          )
MICHAEL FOLINO, D.O., AND                    )
MARY JANE ESTRADA, N.P.,                     )                    Formerly Suffolk Superior
        Defendants.                         )                    Court Civil Action No.
                          )                    05-CV-0783-D

ORDER

The Court having been made aware that the United States Attorney has certified that

Michael Folino was acting within the scope of his employment with Harbor Health Services,

Inc., deemed eligible for coverage under the Federal Tort Claims Act pursuant to the Federally

Supported Health Centers Assistance Act of 1992, at the time of the incidents giving rise to this

suit, and the Court having been made aware of the substitution of the United States as the

defendant on all tort claims pursuant to 28 U.S.C. § 2679(d)(2), it is hereby

ORDERED that the tort claims set forth in the Complaint are dismissed with respect to

Michael Folino; and

It is further ORDERED that the caption of this action shall be amended to reflect the

substitution of the United States for Michael Folino.

_____
UNITED STATES DISTRICT JUDGE

DATED: