UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH BROOKS, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 05-11038-RWZ |
| | ) | |
| THE UNITED STATES OF AMERICA, AND | ) | |
| MARY JANE ESTRADA, N.P., | ) | Formerly Suffolk Superior |
| Defendants. | ) | Court Civil Action No. |
| | ) | 05-CV-0783-D |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISIDCTION**

**Introduction**

The United States submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction.

**Facts**

The instant action was filed in Suffolk Superior Court by Kenneth Brooks on or about March 17, 2005, alleging malpractice in the failure to diagnose cancer in the Plaintiff's ear. The medical treatment at issue took place in November 2003. See Plaintiff's Complaint.

Dr. Michael Folino is an employee of Harbor Health Services, Inc. deemed to have been acting within the scope of his employment under 28 U.S.C. §2679. See Affidavit of Richard Bergeron, attached hereto as Exhibit 1; Scope Certification and Notice of Substitution of the United States, Docket Entries #2-3.

Harbor Health Services, Inc. has been deemed eligible for coverage under the

Federal Tort Claims Act pursuant to 42 U.S.C. §233, the Federally Supported Health Centers Assistance Act of 1992, since February 25, 1994. Id., ¶5. The Geiger Gibson Community Health Center is a deemed delivery site of Harbor Healthcare, Inc. Id., ¶3.

The Plaintiff submitted an administrative tort claim to the United States and Department of Health and Human Services on February 5, 2005. Id., ¶3.

## Argument

Under the Federally Supported Health Centers Assistance Act of 1992, the exclusive remedy "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting in the scope of his office or employment" shall be pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq;* 42 U.S.C. § 233(a).

Plaintiff's action should be dismissed, without prejudice, for lack of subject matter jurisdiction because plaintiff has not yet exhausted administrative remedies as required by 28 U.S.C. § 2675(a). That section provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a

final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

The Plaintiff submitted an administrative claim on February 5, 2005, and filed this action on or about March 17, 2005, forty days later. See Docket 05-11038, # 1. After presentment of the administrative claim, suit cannot be commenced until the agency denies the claim or six months have elapsed (the claimant can deem the claim to have been denied if the agency has not made a final disposition within that period). 28 U.S.C. § 2675(a).

The claim has not yet been denied, nor has the statutorily mandated six months passed. Accordingly, Plaintiff has failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

## Conclusion

For the foregoing reasons, claims against the United States should be dismissed, without prejudice, for lack of subject matter jurisdiction.

        Respectfully submitted,
        MICHAEL J. SULLIVAN
        United States Attorney
        /s/ Mark J. Grady
        MARK J. GRADY
        Assistant U.S. Attorney
        U.S. Attorney's Office
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA   02210
        Tel. No. (617) 748-3136

## Certificate of Service

IT IS HEREBY CERTIFIED that on this 20th day of June 2005 service of the foregoing Memorandum has been made upon the following by depositing a copy in the United States mail, postage prepaid to, Andrew Meyer, Jr., Lubin & Meyer, P.C., 100 City Hall Plaza, Boston, MA 02108.

        /s/ Mark J. Grady
        Mark J. Grady
        Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Kenneth Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| Michael Folino, D.O., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF
## RICHARD G. BERGERON

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's General Counsel's Office has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim was filed on February 3, 2005, by Kenneth Brooks relating to Geiger-Gibson Community Health Center[1] and Dr. Michael Folino.

4. I have also reviewed official agency records and determined that Harbor Health Services, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective February 25, 1994, and that its coverage has continued without interruption since that time. A

---

[1] Geiger-Gibson Community Health Center is a deemed delivery site of Harbor Health Services, Inc.

-2-

copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Harbor Health Services, Inc., is attached to this declaration as Exhibit 1.

5. Official agency records further indicate that Dr. Michael Folino was an employee of Harbor Health Services, Inc., at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 14th day of April, 2005.

RICHARD G. BERGERON
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

DEPARTMENT OF HEALTH & HUMAN SERVICES — Public Health Service

BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Rockville MD 20857

FEB 17 1993

Mr. Daniel J. Driscoll
Administrator
Harbor Health Services, Inc.
398 Neponset Avenue
Dorchester, Massachusetts 02122

Dear Mr. Driscoll:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on September 29, 1993, with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified

FILE COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|---|---|---|---|---|---|---|---|---|
| DCMH | STINSON | 2/13 | | | | | | |

*U.S. GPO: 1989-616-xxx

Page 2 - Mr. Daniel J. Driscoll

providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage <u>should not</u> cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Page 3 - Mr. Daniel J. Driscoll

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is February 15, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Mr. Joel Bostrom, FTCA Coordinator, Region I, (617) 565-1470.

Sincerely yours,

/s/ PHILLIP P. KILLAM

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region I, GMO BPHC, DOJ