UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH BROOKS, )<br>Plaintiff )<br> )<br>v. )<br> )<br>MICHAEL FOLINO, D.O., AND )<br>MARY JANE ESTRADA, N.P., )<br>Defendants. )<br>_____) | Civil Action No. 05-11038-RWZ |

## NOTICE OF FILING

PLEASE TAKE NOTICE that on this day the original certified
or attested to copies of the state court pleadings received from
the Clerk/Magistrate of the Superior Court Department of the
Trial Court, Suffolk County, were filed with the United States
District Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Mark Grady
Assistant U.S. Attorney
U. S. Attorney's Office
John Joseph Moakley
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
617-748-3136

MAS-20030912
guen

Case 1:05-cv-11038-RWZ   Document 7   Filed 07/05/2005   Page 2 of 13

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

05/19/2005
02:07 PM

## SUCV2005-00783
### Brooks v Folino DO et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 03/01/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 05/19/2005 | **Session** | D - Civil D, 3 Pemberton Square, Boston | |
| **Origin** | 1 | **Case Type** | B06 - Medical malpractice | |
| **Lead Case** | | **Track** | A | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 05/30/2005 | **Answer** | 07/29/2005 | | **Rule12/19/20** | 07/29/2005 |
| **Rule 15** | 05/25/2006 | **Discovery** | 04/20/2007 | | **Rule 56** | 06/19/2007 |
| **Final PTC** | 10/17/2007 | **Disposition** | 02/29/2008 | | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Kenneth Brooks
Active 03/01/2005

Private Counsel 344300
Andrew C Meyer
Lubin & Meyer
100 City Hall Plaza
4th Floor
Boston, MA 02108
Phone: 617-720-4447
Fax: 617-720-1229
Active 03/01/2005 Notify

**Defendant**
Michael Folino DO
Served: 03/29/2005
Served (answr pending) 04/05/2005

Private Counsel 630672
Mark J Grady
US District Court
1 Courthouse way
Boston, MA 02210
Phone: 617-748-3362
Active 05/19/2005 Notify

**Defendant**
Mary Jane Estrada NP
Served: 03/30/2005
Served (answr pending) 04/05/2005

I HEREBY ATTEST AND CERTIFY ON
MAY 20, 2005
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:
ASSISTANT CLERK.

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/01/2005 | 1.0 | Complaint filed with request for trial by jury (MALPRACTICE) |
| 03/01/2005 | | Origin 1, Type B06, Track A. |
| 03/01/2005 | 2.0 | Civil action cover sheet filed |
| 04/05/2005 | 3.0 | SERVICE RETURNED: Mary Jane Estrada NP(Defendant) (in hand) |
| 04/05/2005 | 4.0 | SERVICE RETURNED: Michael Folino DO(Defendant) (in hand) |
| 05/19/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Michael Folino, D. O. U. S. Dist.#(05-11038RWZ). |
| 05/19/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

1

# MALPRACTICE

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO. 05-0783-1

---

KENNETH BROOKS,

    Plaintiff,

V.

MICHAEL FOLINO, D.O., AND
MARY JANE ESTRADA, N.P.,

    Defendants.

---

## COMPLAINT

### Count I.

1. The plaintiff, Kenneth Brooks, is a resident of South Boston, Suffolk County, Massachusetts.

2. The defendant, Michael Folino, D.O., was at all times relevant to this complaint a physician licensed to practice his profession in the Commonwealth of Massachusetts.

3. At all times relevant to this complaint, the defendant, Michael Folino, D.O., represented and held himself out to be a physician, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that he was knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 11/7/03.

4. On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, Michael Folino, D.O., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

5. The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Michael Folino, D.O., including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff that he was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 11/7/03;

b. Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 11/7/03, and his failure to prescribe proper and timely treatment for said condition;

c. Defendant's failure to recognize, or have the knowledge to recognize his inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of his inability and failure to properly and skillfully provide the plaintiff with acceptable medical and diagnostic services;

d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the medical profession practicing his specialty; and

e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Michael Folino, D.O., the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count II.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, the defendant, Michael Folino, D.O., contracted with the plaintiff to provide professional services related to the plaintiff's medical care and treatment.

3. The defendant, Michael Folino, D.O., expressly and impliedly warranted to the plaintiff that he would perform and render said professional services in accordance with accepted standards for the practice of medicine, and that he would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

4. On or about 11/7/03, the defendant, Michael Folino, D.O., breached his express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of medicine, and by failing to possess and

2

exercise that degree of skill and care possessed and exercised by the average qualified members of the medical profession practicing his specialty.

5. As a direct and proximate result of the defendant, Michael Folino, D.O.'s breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count III.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I and Paragraphs One through Four of Count II of this complaint as if each were set forth here in its entirety.

2. On or about 11/7/03, average qualified members of the medical profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3. On or about 11/7/03, the defendant, Michael Folino, D.O., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4. On or about 11/7/03, the defendant, Michael Folino, D.O., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5. If the defendant, Michael Folino, D.O., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Michael Folino, D.O.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be

3

hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IV.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Michael Folino, D.O.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count V.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count I, Paragraphs One through Four of Count II and Paragraphs One through Six of Count III of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Michael Folino, D.O.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Michael Folino, D.O., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VI.

1. The plaintiff, Kenneth Brooks, is a resident of South Boston, Suffolk County, Massachusetts.

2. The defendant, Mary Jane Estrada, N.P., was at all times relevant to this complaint a nurse licensed to practice her profession in the Commonwealth of Massachusetts.

3. At all times relevant to this complaint, the defendant, Mary Jane Estrada, N.P., represented and held herself out to be a nurse, skilled in the treatment of various illnesses and conditions and, in particular, represented to the plaintiff that she was

4

knowledgeable, competent, and qualified to diagnose and treat the plaintiff's condition on or about 11/7/03.

4. On or about 11/7/03, the plaintiff submitted himself to the care and treatment of the defendant, Mary Jane Estrada, N.P., who negligently, carelessly, and without regard for the plaintiff's health and well-being, treated the plaintiff in a manner resulting in the plaintiff's severe personal injuries.

5. The injuries sustained by the plaintiff, Kenneth Brooks, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment by the defendant, Mary Jane Estrada, N.P., including, but not limited to the following:

   a. Defendant's misrepresentations to the plaintiff that she was knowledgeable, skillful, and competent to diagnose and treat the plaintiff's medical condition on or about 11/7/03;

   b. Defendant's failure to adequately and properly diagnose the plaintiff's medical condition on or about 11/7/03, and her failure to prescribe proper and timely treatment for said condition;

   c. Defendant's failure to recognize, or have the knowledge to recognize her inability and lack of skill to diagnose and treat the plaintiff, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of her inability and failure to properly and skillfully provide the plaintiff with acceptable nursing services; and

   d. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty; and

   e. Defendant's failure to inform and to warn of the risks involved in or associated with the plaintiff's condition and failure to inform and to warn about the treatment of said condition.

6. As a direct and proximate result of the negligence, carelessness, and unskillfulness of the defendant, Mary Jane Estrada, N.P., the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

5

## Count VII.

1.  The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI of this complaint as if each were set forth here in its entirety.

2.  On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., contracted with the plaintiff to provide professional services related to the plaintiff's nursing care and treatment.

3.  The defendant, Mary Jane Estrada, N.P., expressly and impliedly warranted to the plaintiff that she would perform and render said professional services in accordance with accepted standards for the practice of nursing, and that she would possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

4.  On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., breached her express and implied warranties by failing to perform and render professional services in accordance with accepted standards for the practice of nursing, and by failing to possess and exercise that degree of skill and care possessed and exercised by the average qualified members of the nursing profession practicing her specialty.

5.  As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s breach of express and implied warranties, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count VIII.

1.  The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI and Paragraphs One through Four of Count VII of this complaint as if each were set forth here in its entirety.

2.  On or about 11/7/03, average qualified members of the nursing profession practicing the defendant's specialty knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

3.  On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff.

4. On or about 11/7/03, the defendant, Mary Jane Estrada, N.P., did not inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff.

5. If the defendant, Mary Jane Estrada, N.P., had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, neither the plaintiff nor a reasonable person in his position would have elected the defendant's choice of treatment.

6. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by the plaintiff and a reasonable person in his position as to whether to undergo the defendant's choice of treatment.

7. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s failure to inform the plaintiff of the alternatives to and risks and potential consequences of the defendant's treatment, the plaintiff, Kenneth Brooks, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count IX.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI, Paragraphs One through Four of Count VII and Paragraphs One through Six of Count VIII of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## Count X.

1. The plaintiff, Kenneth Brooks, repeats and reavers fully herein Paragraphs One through Five of Count VI, Paragraphs One through Four of Count VII and Paragraphs One through Six of Count VIII of this complaint as if each were set forth here in its entirety.

2. As a direct and proximate result of the defendant, Mary Jane Estrada, N.P.'s negligence, breach of warranties and failure to obtain informed consent, the plaintiff, Kenneth Brooks, has incurred and will continue to incur great expense for his medical, surgical and hospital care and treatment.

WHEREFORE, the plaintiff, Kenneth Brooks, prays judgment against the defendant, Mary Jane Estrada, N.P., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

PLAINTIFF CLAIMS TRIAL BY JURY.

Respectfully submitted,
The plaintiff,
By his attorney,

ANDREW C. MEYER, JR.
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447
BBO#: 344300

**I HEREBY ATTEST AND CERTIFY ON**

MAY 20, 2005, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

8

Case 1:05-CV-11098-RWZ   Document 7   Filed 07/05/2005   Page 11 of 13

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S)

PLAINTIFF(S)
Kenneth Brooks

DEFENDANT(S)
Michael Folino, D.O. and
Mary Jane Estrada, N.P.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-720-4447
Andrew C. Meyer, Jr., Esquire
Lubin & Meyer, P.C.
100 City Hall Plaza, Boston, MA 02108

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B06  TYPE OF ACTION (specify) Medical Malpractice  TRACK A  IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......... $.........
2. Total Doctor expenses ......... $.........
3. Total chiropractic expenses ......... $.........
4. Total physical therapy expenses ......... $.........
5. Total other expenses (describe) ......... $.........
   in excess of   Subtotal $ 25,000.00
B. Documented lost wages and compensation to date ......... $.........
C. Documented property damages to date ......... $.........
D. Reasonably anticipated future medical and hospital expenses ......... $.........
E. Reasonably anticipated lost wages ......... $.........
F. Other documented items of damages (describe)
   $.........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Delay in diagnosis of metastic squamous cell carcinoma of left ear

in excess of   TOTAL $ 25,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. .........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                    DATE: 2/25/05

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 20, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:                    ASSISTANT CLERK.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 2005-00783

Kenneth Brooks _____ , Plaintiff(s)

v.

Michael Folino, D.O. and Mary Jane Estrada, NP , Defendant(s)

## SUMMONS

To the above-named Defendant: Mary Jane Estrada, NP

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr., Esquire
Lubin & Meyer, P.C.

plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA 02108 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ 17th _____ day of
_____ March _____ , in the year of our Lord two thousand _____ five _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
MAY 20, 2005
_____ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a
defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the
original in the Clerk's Office

4

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION  2005-00783

No.

Kenneth Brooks _____ , Plaintiff(s)

v.

Michael Folino, D.O. and Mary Jane Estrada, NP, Defendant(s)

## SUMMONS

To the above-named Defendant:    Michael Folino, D.O.

You are hereby summoned and required to serve upon Andrew C. Meyer, Jr., Esquire
Lubin & Meyer, P.C.

plaintiff's attorney, whose address is 100 City Hall Plaza, Boston, MA  02108 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Suzanne V. DelVecchio, Esquire**, at Boston, the _____17th_____ day of
_____March_____ , in the year of our Lord two thousand five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2  When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
each should be addressed to the particular defendant

3  TO PLAINTIFF'S ATTORNEY. PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**
MAY 20, 2005
**, THAT THE**
**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL**
BY:

ASSISTANT CLERK.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office